UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-sw-446-CKD |
| Plaintiff, | ORDER |
| v. | (ECF No. 6.) |
| ERIC SCOTT KINDLEY, | |
| Defendant. | |

On June 1, 2017, federal agents executed a search warrant in furtherance of an investigation into allegations that defendant violated 18 U.S.C. § 242. The warrant authorized a search and seizure of, among other things, a white 2009 Dodge Caravan, a white Apple iPhone 6+, and an Apple iWatch. (See ECF Nos. 1, 3.) Defendant was ultimately convicted of two counts under Section 242, among others, and sentenced to at least two terms of life imprisonment in the Eastern District of Arkansas. (See Case No. 4:17-cr-267-DPM.)

Presently pending before the court is defendant's motion for a return of the seized property.[1] (ECF No. 6.) The Government opposes. (ECF No. 9.)

///

---

[1] The matter of the search warrant was referred to a magistrate judge pursuant to Local Rule 302(b)(1). Upon the retirement of the assigned magistrate judge, this action was reassigned to the undersigned. (ECF No. 12.)

1

Rule 41 of the Federal Rules of Criminal Procedure permits the government to apply for a judicial warrant authorizing the temporary seizure of property pending investigation and adjudication of a criminal matter.  Rule 41(g) grants a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return."  The burden of proof on a Rule 41(g) motion "depends on when the defendant files the motion."  U.S. v. Gladding, 775 F.3d 1149, 1152 (9th Cir. 2014).  When the government needs the property for evidentiary purposes, "the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property."  U.S. v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987).  But the burden shifts once criminal proceedings conclude or the government abandons its investigation.  See U.S. v. Wright, 49 F.4th 1221, 1225 (9th Cir. 2022).

For the reasons stated in the Government's opposition, defendant's motion is premature.  There is no dispute that defendant has exhausted his direct appeals in his criminal matter.  (See ECF Nos. 6, 9.)  The Supreme Court denied defendant's petition for a writ of certiorari on June 26, 2023.  See Kindley v. U.S., 143 S. Ct. 2676 (2023).  However, the statute of limitations for any post-conviction motion under Section 2255 has not yet run.  See 28 U.S.C. § 2255(f) (providing one-year limitations period running from, as is relevant here, "the date on which the judgment of conviction becomes final"); U.S. v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (stating that "the statute of limitations within which [the defendant] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal").  Thus, the burden has yet to shift to the government regarding the return of the property.  Gladding, 775 F.3d 1149; see also, e.g., U.S. v. Reyes, 2010 WL 996416, at *2 (W.D. Wash. Mar. 15, 2010) (noting the defendant's pending habeas proceedings, and stating the seized items "retain their relevant evidentiary value should [defendant] succeed in having his sentence vacated and obtaining a trial.").  Given this, and given that the property was legally seized pursuant to a warrant, Gladding, 775 F.3d 1152, defendant's motion for a return of the property is denied.  This denial is without prejudice, so that defendant may reassert his motion after the expiration of the habeas deadline (or expiration of his habeas proceedings, should he file such a motion).

Accordingly, IT IS HEREBY ORDERED that defendant's motion (ECF No. 6) is DENIED WITHOUT PREJUDICE.

Dated:  February 22, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

kind.446