UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-sw-00446-CKD |
| Plaintiff, | |
| v. | ORDER |
| ERIC SCOTT KINDLEY, | |
| Defendants. | |

On June 1, 2017, federal agents executed a search warrant in furtherance of an investigation into allegations that defendant violated 18 U.S.C. § 242. The warrant authorized a search and seizure of, among other things, a white 2009 Dodge Caravan, a white Apple iPhone 6+, and an Apple iWatch. (See ECF Nos. 1, 3.) Defendant was ultimately convicted of two counts under Section 242, among others, and sentenced to at least two terms of life imprisonment in the Eastern District of Arkansas. (See Case No. 4:17-cr-267-DPM.) On September 27, 2023, defendant filed a motion for return of property pursuant to Fed. R. Crim. Proc. 41(g). (ECF No. 6.). The government opposed the motion as premature on the grounds that the statute of limitations for any post-conviction motion under Section 2255 had not yet run. (ECF No. 9.) The court denied defendant's motion without prejudice. (ECF No. 13.)

Defendant has now filed a renewed motion for a return of property. (ECF No. 14.) The government does not oppose defendant's motion, agreeing that defendant can have his property

returned upon the execution of the Authorization to Transfer Property Ownership, a form attached to the government's response. (ECF No. 18.) The government noted that any electronic devices would be restored to factory settings prior to their release "due to the presence of suspected contraband on those electronics." Id.

Defendant has filed a response arguing that the electronic devices should not be wiped clean as that would "destroy important photos, logs, and artwork defendant needs going forward." (ECF No. 14 at 1.) Defendant avers that erasing the data would be "a Youngblood v. Arizona violation." Id. Under Youngblood v. Arizona, 488 U.S. 51 (1988), a defendant's due process right to the preservation of evidence is violated if the police: 1) fail to preserve evidence that is apparently exculpatory; or 2) act in bad faith by failing to preserve evidence that is potentially exculpatory. 488 U.S. at 57-58. Defendant's response provides no information as what exculpatory evidence might be found on his electronic devices, other than suggesting that the timeline of events proffered in the prosecution of his case was inaccurate. (ECF No. 19.) If that is his argument, it would be the records from the service providers, not the devices themselves, that would support or defeat his assertions. Further, it is unclear what steps "going forward" would be at this point as the time for defendant's direct appeal and collateral attack have expired.

However, the justification for the government's plan to delete the data before returning the electronic devices to the defendant requires further development. The government proffers that there is "suspected contraband on them" justifying wiping them before returning them. (ECF No. 18 at 2.) The court accepts the legal premise that the government cannot be required to return contraband but requires more detail as to exactly what the government has found on the devices to conclude that they contain contraband. See United States v. Harrell, 530 F.3d 1051, 1057 (9th Cir. 2008) (explaining that, the government may justify continued retention of property by demonstrating that it is contraband).

In accordance with the above, IT IS ORDERED:

1. Within 21 days of this order, the government shall provide further detail regarding its position that the electronic devices contain suspected contraband;
2. Defendant may file an optional reply within 21 days after the government's

1 | submission;

2 | 3. The matter shall thereafter stand submitted.

Dated: March 26, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD86.41g