UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC SCOTT KINDLEY,<br><br>Defendants. | No.  2:17-sw-00446-CKD<br><br><br><br>ORDER |

On June 1, 2017, federal agents executed a search warrant in furtherance of an investigation into allegations that defendant violated 18 U.S.C. § 242. The warrant authorized a search and seizure of, among other things, a white 2009 Dodge Caravan, a white Apple iPhone 6+, and an Apple iWatch. (See ECF Nos. 1, 3.) Defendant was ultimately convicted of two counts under Section 242, among others, and sentenced to at least two terms of life imprisonment in the Eastern District of Arkansas. (See Case No. 4:17-cr-267-DPM.) On September 27, 2023, defendant filed a motion for return of property pursuant to Fed. R. Crim. Proc. 41(g). (ECF No. 6.).  The government opposed the motion as premature on the grounds that the statute of limitations for any post-conviction motion under Section 2255 had not yet run. (ECF No. 9.) The court denied defendant's motion without prejudice. (ECF No. 13.)

On January 30, 2025, defendant filed a renewed motion for a return of property.  (ECF No. 14.)  The government does not oppose defendant's motion, agreeing that defendant could

1  have his property returned upon the execution of the Authorization to Transfer Property
2  Ownership, a form attached to the government's response. (ECF No. 18.) The government noted
3  that any electronic devices would be restored to factory settings prior to their release "due to the
4  presence of suspected contraband on those electronics." Id.

5  Defendant filed a response arguing that the electronic devices should not be wiped clean
6  as that would "destroy important photos, logs, and artwork defendant needs going forward." (ECF
7  No. 14 at 1.) Defendant avers that erasing the data would be "a Youngblood v. Arizona
8  violation." Id. Under Youngblood v. Arizona, 488 U.S. 51 (1988), a defendant's due process right
9  to the preservation of evidence is violated if the police: 1) fail to preserve evidence that is
10 apparently exculpatory; or 2) act in bad faith by failing to preserve evidence that is potentially
11 exculpatory. 488 U.S. at 57-58.

12 Defendant's response provides no information as what exculpatory evidence might be
13 found on his electronic devices, other than suggesting that the timeline of events proffered in the
14 prosecution of his case was inaccurate. (ECF No. 19.) If that is his argument, it would be the
15 records from the service providers, not the devices themselves, that would support or defeat his
16 assertions. Further, it is unclear what steps "going forward" would be at this point as the time for
17 defendant's direct appeal and collateral attack have expired.

18 Nonetheless, the Court required the government to provide additional information
19 justifying its plan to delete the data before returning the electronic devices to the defendant. (ECF
20 No. 20). On November 7, 2025, the government filed its response. (ECF No. 31.) Defendant has
21 not filed a reply. Based on the government's response, the Court is satisfied that the evidence
22 supports their assertion that the electronic devices contain Child Sexual Abuse Material (CSAM)
23 which requires them to return the devices to factory settings before returning them.
24 /////
25 /////
26 /////
27 /////
28 /////

In accordance with the above, IT IS ORDERED:

1. Defendant's motion for return of property (ECF No. 14) is GRANTED;

2. Within 30 days of the receipt of the completed Authorization to Transfer Property Ownership form provided by the government (ECF Nos. 18 and 25) the government shall restore the devices to their factory settings and return them.

Dated: December 8, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE